IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER KODROFF** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 19-5684** |
| **v.** | : | |
| | : | |
| **KILOLO KIJAKAZI**[1] | : | |
| Acting Commissioner of Social Security | : | |
| *Defendant* | : | |

**O R D E R**

**AND NOW**, this 7th day of February 2022, upon a careful and independent consideration of the administrative record, [ECF 15], the *Report and Recommendation* issued by the Honorable Marilyn Heffley, United States Magistrate Judge, [ECF 32], and the objections filed by Plaintiff Jennifer Kodroff ("Plaintiff"), [ECF 33], it is hereby **ORDERED** that:

1. Plaintiff's objections are **OVERRULED**;[2]

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is herein substituted for Andrew Saul as the Defendant in this action. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 205(g) (stating that Social Security disability actions "survive notwithstanding any change in the person occupying the office of the Commissioner of Social Security or any vacancy in such office").

[2]  This case has a protracted history that began on July 18, 2012, when Plaintiff filed an application for disability insurance benefits and an application for supplemental security income pursuant to Title II and Title XVI of the Social Security Act, respectively. In the applications, Plaintiff alleged that the onset of her disability, due to her obsessive-compulsive disorder, anxiety, post-traumatic stress disorder ("PTSD"), and depression, commenced on March 1, 2011. After her applications were denied on October 1, 2012, Plaintiff requested an evidentiary administrative hearing before an Administrative Law Judge ("ALJ"), who, on October 22, 2014, issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thereby affirming the ALJ's decision as the final decision of the Commissioner of Social Security (the "Commissioner").

Plaintiff filed a federal civil complaint requesting judicial review of the decision. On March 14, 2018, Magistrate Judge Henry S. Perkin issued a report and recommendation ("R&R") finding, *inter alia*, that the ALJ failed to fully consider Plaintiff's drug and alcohol use along with her other impairments and may have improperly suggested that Plaintiff's mental illnesses were less severe while she was not using drugs. Magistrate Judge Perkin recommended that this matter be remanded to the Commissioner. [ECF 19, *Kodroff v. Colvin*, No. 16-cv-2090 (E.D. Pa.)]. The Honorable J. Curtis Joyner, then assigned this matter, approved and adopted the Magistrate Judge Perkin's R&R on April 5, 2018. [ECF 21, *id.*].

On September 16, 2019, following another evidentiary hearing, a second ALJ found that Plaintiff suffered from the following severe impairment: mood disorders, PTSD, and personality disorders. However, the ALJ found that these impairments, singularly or in combination, were not disabling, and that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work with certain non-exertional limitations. Plaintiff did not file exceptions and subsequently filed this action on December 2, 2019, requesting review of the ALJ's decision and an award of benefits. After an initial motion to remand filed by the Commissioner was denied by Judge Joyner, [ECF 23], the Commissioner, in the Government's response to Plaintiff's request for review, again sought a remand. [ECF 26].

In her request for judicial review, Plaintiff contends that the ALJ failed to: (1) follow the relevant governing legal principles with regard to substance abuse and compliance with treatment; (2) reasonably explain why Plaintiff did not meet or equal the listing of impairments; (3) reasonably explain his assessment of her RFC; and (4) reasonably explain his rejection of lay testimony. This matter was reassigned to this Court and referred to Magistrate Judge Heffley (the "Magistrate Judge") for an R&R.

On November 30, 2021, the Magistrate Judge submitted a very well-reasoned R&R addressing Plaintiff's issues and recommending that the request for review be granted, *in part*, and the matter be remanded to the Commissioner to address the issues therein noted. [ECF 32]. Specifically, the Magistrate Judge found that the ALJ erred by failing to consider Plaintiff's drug addiction or alcoholism ("DAA") in the disability analysis, resulting in an unclear assessment of Plaintiff's impairments. The Magistrate Judge declined to award Plaintiff disability benefits because "it remains unclear as to whether substantial evidence ultimately supports a disability finding." [*Id.* at p. 11]. Dissatisfied, Plaintiff filed timely objections to the recommended remedy, essentially arguing that the Magistrate Judge erred in finding she is not entitled to an award of benefits. [ECF 33]. The Commissioner agrees that this matter should be remanded.

When considering objections to a magistrate judge's report and recommendation, the court must undertake a *de novo* review of the portions of the report and recommendation to which the plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Judicial review of an ALJ's decision is, however, limited in scope. In reviewing a determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the administrative factual findings to determine whether the ALJ's findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

As noted, Plaintiff objects to the Magistrate Judge's finding that she is not entitled to an immediate award of benefits. In her objections, Plaintiff essentially repeats the same arguments regarding her impairments and the appropriate remedy sought—namely, that Plaintiff is entitled to an award of benefits because substantial evidence at this stage supports a finding that she is disabled. [*See* ECF 16, 27]. Plaintiff is further frustrated that her claims need to be presented a third time to an ALJ. The Magistrate Judge thoroughly addressed the substantive issues in the R&R and found that substantial questions remain as to

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Plaintiff's request for review is **GRANTED**, *in part*; and

4. The matter is **REMANDED** to the Acting Commissioner of the Social Security Administration for further proceedings consistent with the Report and Recommendation.

                                                  **BY THE COURT:**

                                        /s/ *Nitza I. Quiñones Alejandro*
                                        **NITZA I. QUIÑONES ALEJANDRO**
                                        *Judge, United States District Court*

---

the sufficiency of the evidence given the prior improper disability analyses by both ALJs.  This Court agrees.

      After a careful *de novo* review of Plaintiff's objections, the ALJ's decision, the underlying administrative record, the parties' respective briefs, and the R&R, this Court finds that the Magistrate Judge correctly addressed the issue of Plaintiff's entitlement to disability benefits and agrees with the reasoning and findings set forth in the R&R.  A review of the administrative record confirms that the ALJ improperly conducted the disability analysis and failed to consider all of Plaintiff's impairments, including her drug use.  The evidence of record, however, does not support an award of benefits at this time.  *See Brownawell v. Comm'n of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008) (stating that an award of benefits is only warranted "when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits") (citation omitted); *Hudson v. Saul*, 2019 WL 5302243, at *11 (E.D. Pa. Sept. 30, 2019) ("Because the ALJ failed to conduct a proper evaluation of the DAA evidence in the context of the RFC analysis, his analysis is not supported by substantial evidence.").  As the proper analysis was not performed, a remand of this matter to the Commissioner is appropriate.

      Because this Court concludes that the Magistrate Judge did not commit error in the R&R or in her analysis, Plaintiffs' objections are overruled.  Accordingly, the R&R is adopted and approved in its entirety.